NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-687

STATE OF LOUISIANA

VERSUS

JULIA GENELLE EASILY

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 68823
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.

AFFIRMED

Hon. Don M. Burkett
District Attorney, Eleventh Judicial District
P. O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR APPELLEE:
      State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Julia Genelle Easily**

**Anna Louise Garcie**
**Attorney at Law**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**SAUNDERS, Judge.**

Defendant, Julia Genell Easily, was charged with one count of possessing a CDS II (cocaine) with the intent to distribute, in violation of La.R.S. 40:967. Thereafter, Defendant appeared for a preliminary examination hearing on April 18, 2011. At the hearing, Defendant made an oral motion to suppress the evidence in her case. Following presentation of the evidence, the trial court denied Defendant's motion to suppress.

On May 3, 2011, Defendant appeared for a guilty plea and sentencing hearing. The State put forth on the record that Defendant was going to plead guilty to simple possession of a CDS II. The defense added that, as part of the plea bargain, the prosecution had agreed to drop other charges against Defendant. The defense further stated that Defendant would plead guilty pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), thereby preserving the right to appellate review of the trial court's decision denying the motion to suppress. Moreover, the defense requested an appeal bond be set in the instant case.

After the district court accepted Defendant's guilty plea, it sentenced her to serve one year at hard labor and set a $500 appeal bond. On May 13, 2011, the sentencing court amended Defendant's sentence to include credit for time served and to notify Defendant of the delays for seeking post-conviction relief.

Defendant now appeals. We affirm Defendant's conviction and sentence.

**STATEMENT OF FACTS:**

Defendant was arrested at the Family Dollar store in Many, Louisiana for entering after being forbidden. At the time of her arrest, Defendant had seven rocks of crack cocaine, a razor blade, and $683 in her possession.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there no errors patent.

## DISCUSSION:

Defendant argues that the trial court erred in denying her motion to suppress evidence:

> The search of the truck some distance from where Julia Easily was arrested went beyond the lawful scope of a search incident to an arrest. The subsequent search and seizure of Julia Easily's purse and a closed pill bottle found inside were unreasonable, and the trial judge erred in denying the motion to suppress on that basis.

Defendant urges that the evidence in her case should have been suppressed because the seizure of the evidence did not fall within either the officer safety exception or the search incident to an arrest exception to the warrant requirement.

The State responds that the evidence was admissible because it was discovered in plain view. Moreover, once Defendant had the purse, the officer had the right to go through the purse for his safety and to safeguard the contents for Defendant.

This court has determined that the proper standard of review for examining rulings on motions to suppress is abuse of discretion:

> When a trial court rules on a defendant's motion to suppress, the appellate court must look at the totality of the evidence presented at the hearing on the motion to suppress. The appellate court should not overturn a trial court's ruling, unless the trial court's conclusions are not supported by the evidence, or there exists an internal inconsistency in the testimony of the witnesses, or there was a palpable or obvious abuse of discretion.

*State v. Bargeman*, 98-617, p. 5 (La.App. 3 Cir. 10/28/98), 721 So.2d 964, 967, *writ denied*, 99-33 (La. 5/28/99), 743 So.2d 658.

2

A defendant may move to suppress evidence from use at trial "on the ground that it was unconstitutionally obtained." La.Code Crim.P. art. 703(A). Moreover, a defendant may seek to suppress confessions and statements on constitutional grounds. La.Code Crim.P. art. 703(B). The State has the burden of proving that evidence seized without a warrant and confessions is admissible. La.Code Crim.P. art. 703(D). "An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief." La.Code Crim.P. art. 703(E)(1).

The record shows that there was a variety of incriminating evidence against Defendant: (1) the testimony of the officer who discovered the crack cocaine and the razor blade; (2) the actual crack cocaine and razor blade; (3) the lab analysis of the crack cocaine; (4) an evidence receipt signed by Defendant showing that she acknowledged having seven rocks of crack cocaine and a razor blade in her purse; and, (5) the testimony of the officer who obtained the signature on the evidence receipt that Defendant not only signed the receipt but also informed him that there had been seven, not ten, rocks of crack cocaine in her purse.

Defendant did not file a written motion to suppress with the trial court, and the transcript of the suppression hearing contains only a bare argument that the evidence should be suppressed in the instant case:

> THE COURT: What's our next case?
>
> MS. GARCIE: Julia Easily.
>
> THE COURT: This is a preliminary examination?
>
> MS. GARCIE: Actually Mr. Kendrick and I think he had meant to file a motion to suppress but it would essentially be the same testimony[,] so it's actually going to be a motion to suppress. Is that correct, Mr. Kendrick?

MR. KENDRICK: Yes. I would just ask if the Court would indulge. I did not file a motion to suppress[,] but I think the issues are pretty similar[,] so in the interest of judicial economy—

THE COURT: The State has no objection?

MS. GARCIE: No, Your Honor, we do not.

Thereafter, the prosecution called its first witness.

Immediately after the State concluded its presentation of the evidence, the trial court denied Defendant's motion to suppress evidence, so there was also no post-evidence argument setting forth the basis of Defendant's motion to suppress evidence. Further, a reading of the motion for preliminary examination reveals no claims that evidence should be suppressed.

Thus, the defense never alleged a basis for the motion to suppress, alleged facts that would entitle her to a hearing on the issue, or even asserted that the evidence was seized without a warrant or was unconstitutionally obtained. Further, the defense failed to both designate what evidence she was moving to suppress and set forth grounds for the suppression thereof.

On appeal, review of a defendant's arguments concerning whether evidence should have been suppressed is limited to what was presented in the written motion and at the suppression hearing:

> The defense has the burden of asserting the basis for its motion to suppress in order to provide the State with adequate notice so that it may prepare evidence addressing the defendant's claims. LSA-C.Cr.P. art. 703 E. Therefore, the defendant is limited on appeal to the grounds articulated in his motion to suppress or at the hearing on that motion. A new basis, even a meritorious one, cannot be raised for the first time on appeal.

State v. Veals, 07-605, p. 14 (La.App. 5 Cir. 1/22/08), 977 So.2d 1030, 1038, writ denied, 08-571 (La. 11/26/08), 997 So.2d 543 (citations omitted); see also La.Code Crim.P. art. 841 ("[a]n irregularity or error cannot be availed of after verdict unless

4

it was objected to at the time of occurrence[.]"); *and see State v. Holmes*, 06-2988, p. 69 (La. 12/2/08), 5 So.3d 42, 88, *cert. denied*, ___ U.S. ___, 130 S.Ct. 70 (2009) ("[A] new basis for an objection may not be urged for the first time on appeal[.]").

Thus, as there was no basis alleged to support suppression of the evidence in the instant case, the trial court did not abuse its discretion in denying Defendant's motion to suppress.

Accordingly, this assignment of error is without merit.

**DECREE:**

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules –Courts of Appeal, Rule 2–16.3.